# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>47-CV-2017-900328.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY
### CURTIS SPURLING V. TOTAL COMPUTER SOLUTIONS, INC.

NOTICE TO  TOTAL COMPUTER SOLUTIONS, INC., 6417 LAKE MEADOW DRIVE, BURKE, VA 22015

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CARL ALLEN COLE III
WHOSE ADDRESS IS P.O. BOX 2064, DECATUR, AL 35602

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CURTIS SPURLING
pursuant to the Alabama Rules of the Civil Procedure

Date   2/28/2017 3:46:45 PM       /s/ DEBRA KIZER
                                 Clerk/Register
                                 MADISON COUNTY, ALABAMA
                                 100 NORTHSIDE SQUARE
                                 HUNTSVILLE, AL 35801

☑ Certified Mail is hereby requested       /s/ CARL ALLEN COLE III
                                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____ (Date)

Date                Server's Signature              Address of Server

Type of Server      Server's Printed Name

                                                   Phone Number of Server

DOCUMENT 1

EXHIBIT A

ELECTRONICALLY FILED
2/28/2017 3:46 PM
47-CV-2017-900328.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number: 47<br>Date of Filing: 02/28/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### CURTIS SPURLING v. TOTAL COMPUTER SOLUTIONS, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** COL118

Date: 2/28/2017 3:46:32 PM

/s/ CARL ALLEN COLE III
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

DOCUMENT 2



47-CV-2017-900328.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| CURTIS SPURLING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.: CV 2017-_____ ) |
| TOTAL COMPUTER SOLUTIONS, INC. & FICTITIOUS PARTIES A through C, | ) ) ) ) |
| Defendants. | ) |

### COMPLAINT

#### I.   Parties, Jurisdiction, and Venue

1. The plaintiff, Curtis Spurling, is an individual resident citizen of Morgan County, Alabama who performed work under contract for Total Computer Solutions, Inc. ("TCSI") in Alabama.

2. Based upon information and belief, the defendant TCSI is a Delaware corporation that regularly conducts business in Alabama and has contacts with this State sufficient to allow its courts to obtain jurisdiction. TCSI's principal place of business is 6417 Lake Meadow Drive, Burke, VA 22015.

3. Fictitious parties A through C are those individuals or entities whose identities are not known at present but who represent parties who caused damage to Curtis Spurling or caused other parties to damage Curtis Spurling. Although the identities of these fictitious parties are unknown or uncertain at this time, they will be supplemented when they are ascertained.

4. Venue and jurisdiction are appropriate in Madison County under Ala. Code § 6-3-7(a)(1) (1975) as a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in Madison County.

#### II.   Factual Allegations Common to All Counts

5. TCSI is a government contractor. In 2011, Curtis Spurling received an offer of employment from TCSI to serve as a Senior Vice President of Business Development. The offer of employment contained terms offering to remunerate Spurling according to a compensation scheme which included commission payments based on the amount of business he brought in. Spurling accepted that offer and began working as an employee of TCSI in the Huntsville, Alabama branch of the company. This process was repeated

several times after 2011.

6. During the course of Spurling's employment by TCSI, TCSI failed to pay him the full amount of his contractual commission rate for work he brought in.

7. On or about March 1, 2015, Spurling was terminated from TCSI without cause. The contract between Spurling and TCSI required earned commissions to continue past termination for business previously captured by Spurling. TCSI has failed to pay Spurling these earned commissions.

8. As a result of the defendants' breach of contract, Spurling is owed commission in an amount not yet determined.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiff adopts and alleges as set forth herein every preceding paragraph of this Complaint.

10. The defendants and Spurling entered into a binding contract under which he would be paid commission payments based on the amount of business he brought in.

11. Spurling performed the duties required of him under this contract.

12. The defendants have not performed as required under the contract by failing to pay Spurling according to the compensation structure originally agreed upon by the parties.

13. As a result of the defendants' breach of contract, Spurling has suffered damages.

WHEREFORE, premises considered, Spurling seeks damages against the defendants in an amount exceeding TEN THOUSAND ($10,000.00) DOLLARS. Spurling also seeks all costs, fees, expenses, and interest to which he would be entitled under law.

## COUNT II
## BREACH OF THE IMPLIED DUTY OF
## GOOD FAITH AND FAIR DEALING

14. Plaintiff adopts and alleges as set forth herein every preceding paragraph of this Complaint.

15. The defendant and Spurling entered into a contract wherein each party was to receive certain benefits. A portion of the benefit of the contract due to Spurling was a certain compensation arrangement.

16. While Spurling was performing his duties under the contract honestly, fairly, and in good faith, the defendants failed to do so by not paying Spurling the full amount of his contractual commissions.

17. As a result of the defendant's breach of the implied duty of good faith and fair dealing, Spurling has suffered damages.

WHEREFORE, premises considered, Spurling seeks damages against the defendants in an amount exceeding TEN THOUSAND ($10,000.00) DOLLARS. Spurling also seeks all costs, fees, expenses, and interest to which he would be entitled under law.

### COUNT III
### UNJUST ENRICHMENT

18. Plaintiff adopts and alleges as set forth herein every preceding paragraph of this Complaint.

19. During the term of Spurling's employment, the defendants accepted and retained business arranged for them by Spurling.

20. This business was arranged by Spurling during the performance of his duties as a business development executive.

21. In closing this business, Spurling had a reasonable expectation that he would be compensated according to the terms set out in the offer of employment between the parties. He was not so compensated but instead received a lesser amount.

WHEREFORE, premises considered, Spurling seeks damages against the defendants in an amount exceeding TEN THOUSAND ($10,000.00) DOLLARS. Spurling also seeks all costs, fees, expenses, and interest to which he would be entitled under law.

### COUNT IV
### ALA. CODE § 8-24-3 (1975) CLAIM FOR
### TREBLE DAMAGES AND ATTORNEY'S FEES

22. Plaintiff adopts and alleges as set forth herein every preceding paragraph of this Complaint.

23. Before his unjust termination, Spurling was a sales representative for the defendants as defined under Ala. Code § 8-24-1.

24. The defendants are principals as defined under Ala. Code § 8-24-1.

25. Spurling is owed commission by the defendants. The defendants have failed to pay.

26. Therefore, this Count is brought pursuant to Ala. Code § 8-24-3, which states: "A principal who fails to pay a commission as required by Section 8-24-2 is liable to the sales representative in a civil action for three times the damages sustained by the sales representative plus reasonable attorney's fees and court costs."

27. By the defendants' refusal to pay his rightfully earned commission, Spurling has incurred damages in a yet to be determined amount.

WHEREFORE, premises considered, Spurling seeks damages against the defendants in an amount exceeding TEN THOUSAND ($10,000.00) DOLLARS. Spurling also seeks all costs, fees, expenses, and interest to which he would be entitled under law.

### COUNT THREE – FICTITOUS PARTIES

1. Plaintiff hereby alleges and adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

2. This count of the complaint is brought against fictitious party defendants who are generally described in the caption or style of this complaint, but whose true names and identities are otherwise unknown at the time of the filing of this complaint. These Defendants include any Defendants who may have liability to the Plaintiff for any acts complained of herein, or for any damages under this complaint or any amended complaints.

WHEREFORE, premises considered, Plaintiff demands judgment against fictitious party defendants referenced or alluded to in the style of the complaint or in the body of this complaint. Plaintiff demands such other and further relief as the court or jury deems proper and just.

/S/Carl A. Cole, III
CARL A. COLE, III (COL118)
Attorney for Plaintiff

OF COUNSEL:

THE COLE LAW FIRM, LLC
Post Office Box 2064
Decatur, Alabama 35602
PHONE: (256) 353-0550
FAX: (256) 353-0552
E-MAIL: [redacted]

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>47-CV-2017-900328.00 |
|---|---|---|

IN THE CIRCUIT COURT OF MADISON COUNTY
CURTIS SPURLING V. TOTAL COMPUTER SOLUTIONS, INC.

NOTICE TO  TOTAL COMPUTER SOLUTIONS, INC., 6417 LAKE MEADOW DRIVE, BURKE, VA 22015

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CARL ALLEN COLE III

WHOSE ADDRESS IS P.O. BOX 2064, DECATUR, AL 35602

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CURTIS SPURLING
pursuant to the Alabama Rules of the Civil Procedure

Date  2/28/2017 3:46:45 PM    /s/ DEBRA KIZER
Clerk/Register
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL 35801

☑ Certified Mail is hereby requested    /s/ CARL ALLEN COLE III
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____ (Date)

Date _____   Server's Signature _____   Address of Server _____

Type of Server _____   Server's Printed Name _____

Phone Number of Server _____

47-CV-2017-900328.00
CURTIS SPURLING V. TOTAL COMPUTER SOLUTIONS, INC.

C001 - CURTIS SPURLING                v.    D001 - TOTAL COMPUTER SOLUTIONS, INC.
Plaintiff                                         Defendant

**SERVICE RETURN**